■ WILLIAM PASCHEN et al., Respondents, v. ROBERT A. BOWEN, Appellant.— Order unanimously reversed, on the law and facts, without costs, motion to strike defense denied and complaint dismissed. Memorandum: Plaintiffs seek to recover damages for personal injuries sustained as the result of an automobile accident which occurred when defendant Bowen's automobile, in which plaintiff Woodruff was riding as a passenger, struck the rear of the stopped vehicle of plaintiff Paschen. Defendant appeals from an order of Trial Term which dismissed the affirmative defense that the Workmen's Compensation Law provided plaintiffs' exclusive remedy. The order was granted after a trial of the defense issue by the court without a jury (see CPLR 3211, subds. [b], [c]). The parties to the action were employees of Otis Steel Company and representatives of Local Union No. 4739 of the United Steelworkers of America, Bowen being president, Paschen vice-president and Woodruff a grievance man. The accident occurred when the the three men were returning from a week long union negotiating meeting in Youngstown, Ohio. They were nonsalaried officers of the union but they were reimbursed from union funds for the wages lost from Otis Steel because of their absence

from their regular employment on union business and also the expenses of their trip were paid by the union. Trial Term held that the parties were not employees of the union and dismissed the affirmative defense. The union elected to bring its employees within the provisions of the compensation law by purchasing a policy of insurance which provided coverage for "Labor union — all employees including business agents and organizers" (see Workmen's Compensation Law, § 2, subd. 5; § 3, subd. 1, Group 19). This coverage extended to officers even if the policy did not expressly extend coverage to them (Workmen's Compensation Law, § 54, subd. 6; *Matter of Schime* v. *Town of Great Valley*, 9 A D 2d 168, affd. 8 N Y 2d 1109) and even if the officers were unsalaried (*Matter of Phillips* v. *Ridgemont Golf Club*, 12 A D 2d 703). At the time of the accident the parties had multiple employers, the steel company and the union, and the accident while traveling home arose out of and during the course of their limited employment by the union (see *Bump* v. *Central School Dist. No. 3*, 40 A D 2d 243, affd. 34 N Y 2d 577; *Matter of Marciniak* v. *Berlitz School of Languages*, 43 A D 2d 509). The trip was solely to promote the union's interests, the parties were answerable to the union for the actions taken on its behalf and they were paid by the union for their efforts by receiving a reimbursement of their lost wages. Trial court incorrectly dismissed defendant's affirmative defense which alleged the defense of workmen's compensation. Since workmen's compensation is plaintiffs' exclusive remedy upon the facts of this case (Workmen's Compensation Law, §§ 10, 11), summary judgment is granted dismissing the complaint (CPLR 3211, subd. [c]). (Appeal from order of Cattaraugus Special Term in automobile negligence action.) Present — Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.